IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|   |   |
|---|---|
| Edmund C. OLSON, as Trustee of the Edmund C. Olson Trust No. 2, U/A Dated August 21, 1985, <br><br> Plaintiff, <br><br> vs. <br><br> Abel Simeona LUI, et al., <br><br> Defendants. | Civ. No. 10-00691 ACK-RLP |

**<u>ORDER DIRECTING THE REGISTRAR OF THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAIʻI TO EXPUNGE CERTAIN INVALID NONCONSENSUAL COMMON LAW LIENS</u>**

This action is a petition to expunge certain nonconsensual common law liens from the Bureau of Conveyances of the State of Hawaiʻi under Title 28, Chapter 507D of the Hawaiʻi Revised Statutes.

The real property that is the subject of this action is all of that certain parcel of land bearing Tax Map Key Number (3) 9-5-016-006, and containing an area of 81.303 acres, more or less ("the land"). (2d Am. Pet. ¶ 10.) The Olson Trust acquired title to the land by deed from Thomas M. Okuna recorded October 25, 2005, as Document No. 2005-216739. (2d Am Pet. Ex. A.) A copy of that deed is attached to this order as Exhibit 1.

In 1988, Thomas M. Okuna, the predecessor in interest to the Olson Trust, obtained a decree quieting title in his favor. (2d Mot. Mem. Pet. Ex. 8.) The decision in that case "Ordered, Adjudged and Decreed" that Okuna was "the owner in fee simple absolute" of several parcels of land, including those involved with this action as well as Tax Map Key Parcels (3) 9-5-016-5, 22, 23, and 25. (Id.) A copy of that judgment, together with the first page of that judgment's Exhibit A, describing the land to which title was quieted, is attached to this order as Exhibit 2.

The liens at issue are as follows:

(1) The document entitled "Subpoena, Restraining Order, Notice, Order and Judgment in a Civil Case," recorded July 30, 2008, as Document No. 2008-121458, the first page of which is attached to this order as Exhibit 3;

(2) The deed from Abel Simeona Lui, as grantor, to Beverly Yolanda Feleti, as grantee (the "Lui/Feleti Deed"), recorded January 14, 2002, as Document No. 2002-006264, the first page of which is attached to this order as Exhibit 4;

(3) The deed from Beverly Yolanda Feleti, as grantor, to Abel Simeona Lui, as grantee (the "Feleti/Lui Deed"), recorded January 14, 2002, as Document No. 2002-006265, the first page of which is attached to this order as Exhibit 5;

(4) The deed from Abel Simeona Lui, as grantor, to Han Kamakani Phua, as grantee (the "Lui/Phua Deed"), recorded March 12, 2004, as Document No. 2004-051779, the first page of which is attached to this order as Exhibit 6;

(5) the deed from Han Kamakani Phua, as grantor, to Abel Simeona Lui, as grantee (the "Phua/Lui Deed"), recorded March 12, 2004, as Document No. 2004-051780, the first page of which is attached to this order as Exhibit 7; and

(6) The document entitled "Affidavit of Genealogy," recorded June 10, 2004, as Document No. 2004-117405, the entirety of which is attached to this order as Exhibit 8.

The Hawaiʻi State Legislature has found:

> that there is a problem with the recording at the land court or the bureau of conveyances of invalid instruments which purport to affect the property interests of various persons, including but not limited to government officers and employees. These instruments, which have no basis in fact or law, have a seriously disruptive effect on property interests and title. They appear on title searches and other disclosures based on public records, and are costly and time-consuming to expunge. When they so appear, they may obstruct a property owner's ability to transfer title or obtain title insurance and financing.

Haw. Rev. Stat. § 507D-1. Because the "bureau of conveyances does not have the discretionary authority to refuse to record instruments so long as those instruments comply with certain minimal format requirements," the legislature found "that it is

necessary and in the best interests of the State and private parties to legislatively provide a means to relieve this problem, and to limit the circumstances in which nonconsensual common law liens shall be recognized in this State and to remedy the filing of frivolous financing statements." Id.

Among the remedies provided is a legal action to have invalid nonconsensual liens expunged. See Haw. Rev. Stat. § 507D-4 ("Any party in interest in real or personal property which is subject to a claim of nonconsensual common law lien, who believes the claim of lien is invalid, may file a petition in the appropriate circuit court to contest the validity of that purported lien"); id. § 507D-7 ("If the circuit court finds the purported lien invalid, it shall order the registrar to expunge the instrument purporting to create it, and order the lien claimant to pay actual damages, costs of suit, and reasonable attorneys' fees.").[1/]  This action was filed pursuant to those statutes.

---

[1/] At the hearing, Defendants questioned whether this Court, sitting in diversity, may assume the role of a Hawaiʻi state circuit court, that is, whether the circuit court has exclusive jurisdiction over petitions to expunge nonconsensual common law liens.  Nothing in Chapter 507D confers exclusive jurisdiction on the state circuit court and precludes a federal court sitting in diversity from hearing this case, and in any event, "state law may not control or limit the diversity jurisdiction of the federal courts." Begay v. Kerr-McGee Corp., 682 F.2d 1311, 1315 (9th Cir. 1982).

The Court entered an order granting Plaintiff's motion for summary judgment on January 6, 2012. (ECF No. 80.) Having found that the purported liens are nonconsensual common law liens under Chapter 507D, and that they are invalid, the Court hereby ORDERS the Registrar of the Bureau of Conveyances to expunge the liens described above. See Haw. Rev. Stat. § 507D-7(a).

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, January 6, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Olson v. Lui, Civ. No. 10-00691 ACK-RLP: Order Directing the Registrar of the Bureau of Conveyances of the State of Hawai'i to Expunge Certain Invalid Nonconsensual Common Law Liens