IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| Edmund C. OLSON, as Trustee of the Edmund C. Olson Trust No. 2, U/A Dated August 21, 1985, <br><br> Plaintiff, <br><br> vs. <br><br> Abel Simeona LUI, et al., <br><br> Defendants. | Civ. No. 10-00691 ACK-RLP |

**<u>AMENDMENTS TO ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING VARIOUS MOTIONS BY DEFENDANTS</u>**

This Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Various Motions by Defendants ("Summary Judgment Order") was entered on January 6, 2012. (ECF No. 80.) On January 20, 2012, Plaintiff Edmund C. Olson, as trustee of the Edmund C. Olson Trust No. 2, U/A Dated August 21, 1985 ("the Olson Trust" or "Plaintiff") timely filed a Motion for Reconsideration and Modification in Part of *Order Granting Plaintiff's Motion for Summary Judgment and Denying Various Motions* ("Reconsideration Motion"). (ECF No. 85.) Specifically, the Reconsideration Motion requested that the Court reconsider and modify Section III.E. of the Summary Judgment Order to find that the six nonconsensual liens that the Court found to be invalid and ordered expunged were "frivolous," which would enable

-1-

the Olson Trust to obtain injunctive relief pursuant to Haw. Rev. Stat. § 507D-7(b).

Defendants did not oppose the Reconsideration Motion within the time frame set forth in LR 7.4; Defendants Lui and Phua filed a "Motion for Joint Notice of Appeal" on February 6, 2012 (ECF No. 89) and, on February 14, 2012, filed a "Memorandum in Support of Motion for Relief that is Barred by Pending Appeal" (ECF No. 94), which reflected their assumption that their premature Notice of Appeal divested this Court of jurisdiction. After the Ninth Circuit made clear by its Order filed February 15, 2012 (ECF No. 95) that proceedings in that Court would be held in abeyance pending resolution of the Reconsideration Motion, Defendant Han Phua filed, on February 23, 2012, a "Motion in Support of Motion to Oppose Reconsideration and Modification in Part of Order Granting Plaintiff's Motion for Summary Judgment and Denying Various Motions" (ECF No. 98) ("Opposition").[1]

This Court has carefully considered the new evidence submitted and the arguments made by Plaintiff in support of the Reconsideration Motion, and the arguments made by Defendant Phua in his Opposition, and is persuaded that the Reconsideration

---

[1] Although the "Motion in Support of Motion" seeks the issuance of a subpoena to Fidelity National Title Insurance Co. and a hearing on the Reconsideration Motion, it is clearly an untimely opposition to the Reconsideration Motion, and is hereafter referred to as the "Opposition." The Court finds that the relief requested by Defendant Phua would only cause further unnecessary delay, and in any event is without merit.

-2-

Motion should be granted for the reasons stated therein, and herein. Accordingly, the Court amends its Summary Judgment Order as described infra. Except as indicated, the Summary Judgment Order will remain in full force and effect.

1. The following paragraph is added to the end of Section III.C.:

Plaintiff learned on January 18, 2012, that on October 24, 2011, Defendant Rhoda Simeona, as grantor, deeded her interest in property owned by the Olson Trust to Jeannie Sueko Ueda, as grantee, which deed was recorded in the Bureau on October 25, 2011, as Document No. 2011-175595 (Recon. Mtn. Ex. 1) ("Simeona/Ueda Deed").[2] The Simeona/Ueda Deed is invalid for the same reasons the other four deeds are invalid.

---

[2] The Simeona/Ueda Deed and flysheet are attached as Exhibit 1 to this Order. In what appears to be an oversight, the Simeona/Ueda Deed does not identify TMK No. (3) 9-5-16-6, the property being conveyed. It does, however, purport to be a lien on adjacent property owned by the Olson Trust, identified by TMK Nos. (3) 9-5-16:5, 22, & 23, which were included in the deed from Thomas M. Okuna to Edmund C. Olson, recorded on October 25, 2005, included in Plaintiff's Second Amended Petition to Expunge Documents Recorded in the Bureau of Conveyances of the State of Hawaiʻi as Exhibit A (ECF No. 42-2). TMK Nos. (3) 9-5-16:5, 22 & 23 were also included in the deed from Abel Simeona Lui to Beverly Yolanda Feleti, recorded on January 14, 2002 as Document No. 2002-006264, as well as the "Subpoena, Restraining Order, Notice, Order and Judgment in a Civil Case," recorded on July 30, 2008, as Document No. 2008-121458, both of which this Court ruled were invalid nonconsensual common law liens and ordered expunged in its Summary Judgment Order. (See ECF No. 80, Exs. 3, 4.)

2. Section III.E. of the Summary Judgment Order is deleted, and replaced with the following:

**E. Whether the Liens Were Frivolous**

The statute provides additional remedies for purported liens that are frivolous, including a $5,000 minimum award and the ability for the Court to "issue appropriate injunctive relief." Haw. Rev. Stat. § 507D-7(a), (b). The statute defines "frivolous" as "without any basis in law or fact." We have not had occasion to address, and there is no guidance from Hawaiʻi's appellate courts, whether frivolousness in this context is determined objectively, as it is for purposes of Rule 11,[3] or subjectively. However, Defendant Phua agrees that whether a lien is frivolous must be determined using an objective standard. (Opposition, Mem. Supp. at 2-3.) And, the legislative statement of findings and purpose indicates an objective standard was intended, because a subjective standard would undermine the purposes of the statute.

---

[3] See, e.g., Dagupion v. Green Tree Serv., LLC, Civ. No. 11-00120 SOM-KSC, 2011 WL 6101024, *1 (D. Haw. Dec. 7, 2011) (slip op.) (to determine whether a complaint is frivolous for purposes of Rule 11 sanctions, court looks at whether the complaint is legally or factually baseless from an objective perspective); Rey v. Countrywide Home Loans, Inc., Civ. No. 11-00142 JMS-KSC, 2011 U.S. Dist. LEXIS 103663 (D. Haw. Sept. 13, 2011) (one cannot avoid sanctions for frivolousness under Rule 11 based on a defense of a "pure heart and empty head").

The legislature found that frivolous recorded instruments that purport to affect title "have a seriously disruptive effect on property interests and title" and "are costly and time-consuming to expunge"; it enacted the statute to, <u>inter alia</u>, "legislatively provide a means to solve this problem[.]"  Haw. Rev. Stat. § 507D-1.  The disruptive effect of a frivolous lien is not affected by the claimants' state of mind.  Indeed, applying a subjective standard would have the perverse result of effectively precluding injunctive relief against even delusional lien claimants.  Moreover, requiring examination into a lien claimant's subjective belief would simply increase the time and expense required to preclude future filings by lien claimants who have filed liens, such as the ones at issue here, that are objectively frivolous.

There is no question that the liens in this case are without basis in fact or law (even under a subjective analysis), and there is no objectively reasonable basis for Defendants to believe otherwise.  Every court to consider the question has ruled that Defendants have no interest in the Subject Property, and most of those rulings predated the recordation of the liens at issue.  The 1988 quiet title action conclusively established that the Olson Trust's predecessor, Thomas Okuna, owned the Subject Property in fee simple absolute, two separate ejectment actions established that Defendant Lui and his followers were not

entitled to occupy the Subject Property, and Defendant Lui has had at least two criminal convictions for trespass on the Subject Property, at least one of which was affirmed on appeal.[4/]

---

[4/] The Court particularly finds, as set forth by Plaintiffs at pages 8 and 14 of their Motion for Reconsideration, that:

(1) The Kau District Court found beyond a reasonable doubt that Abel **_knowingly_** entered or remained on the Subject Property **_unlawfully_**; and

(2) At a recent hearing in a related matter, Han, speaking on behalf of himself, Abel and the purported "heirs of Timoteo Keawe," repeatedly asserted ownership of the Subject Property based on the $2.5 million common law lien falsely memorialized in the "Subpoena, Order and Judgment":

- Plaintiffs' auntie had received a writ of execution and default judgment in that case, 86-1083, in favor of claiming two and a half million dollars from defendant Thomas Okuna; and that a common law lien was in place of said property, which we currently reside on, and that that shows plaintiffs' standing . . . as one of the landowners amongst the heirs. (Transcript, dated October 13, 2011, in Civ. No. 11-00396, at 9:24-10:5 (Ex. "2" t Park-Hoapili Decl.)

- "Whether or not we fit the criteria of how we live or how we dress does not mean that we are not the landowners. We have standing, as I have said to the court, that we've – my auntie had won the case against the predecessor in the Article III Court." Id., at 10:11-15.

- In the quiet title action brought by Plaintiff's predecessor in interest, Thomas Okuna, "they [sic?] were not truthful showing that there was a common law lien in place and that there was an adjudication in favor of our auntie Rhoda Simeona."' Id., at 10:20-24.

- "And [] wherever the title goes, the common law lien goes. It was put in place to protect the land from people like Edmund Olson Trust . . . . But plaintiffs are just humble because we know that we are the owners." Id., at 11:15-22.

(continued...)

-6-

3. The Conclusion (Section IV.) is deleted and replaced with the following:

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for summary judgment. The Court will enter orders directing the registrar to expunge the instruments at issue, including the Simeona/Ueda Deed, and will entertain an application from Plaintiff seeking appropriate injunctive relief pursuant to Haw. Rev. Stat. § 507D-7 (a) and (b).

Plaintiff is also AWARDED costs and attorneys' fees. See id.[5] To the extent that any of Defendants' filings may be construed as motions for summary judgment or other relief in their own right, rather than as oppositions to Plaintiff's motions, such motions are DENIED.

---

[4] (...continued)

- "As plaintiffs have highlighted, our heirs have won a case in – before this court in 1987. A writ of execution was issued upon defendant's predecessor to show that plaintiffs have standing as ownership and that plaintiff's are heirs of the land." Id., at 12:14-18.

However, it is plain (and was always plain) on the face of the "Subpoena, Order and Judgment" that Rhoda and Eliza Simeona did not receive an adjudication in their favor in Civil No. 86-1083, but instead the case was dismissed.

[5] Plaintiff has agreed to waive the $5,000 statutory minimum award. See Plaintiff's Memorandum In Support Of Motion For Reconsideration And Modification In Part Of *Order Granting Plaintiff's Motion For Summary Judgment And Denying Various Motions*, ECF No. 85-1, at n.2.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, March 8, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Olson v. Lui, Civ. No. 10-00691 ACK-RLP:  Amendments To Order Granting Plaintiff's Motion For Summary Judgment And Denying Various Motions By Defendants.