IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Edmund C. OLSON, as Trustee of the Edmund C. Olson Trust No. 2, U/A Dated August 21, 1985,<br><br>Plaintiff,<br><br>vs.<br><br>Abel Simeona LUI, et al.,<br><br>Defendants. | Civ. No. 10-00691 ACK-RLP |

**<u>ORDER DIRECTING THE REGISTRAR OF THE BUREAU OF CONVEYANCES OF THE STATE OF HAWAIʻI TO EXPUNGE ADDITIONAL INVALID NONCONSENSUAL COMMON LAW LIEN</u>**

On June 17, 2011, Plaintiff filed a Second Amended Petition To Expunge Documents Recorded In The Bureau Of Conveyances Of The State Of Hawaiʻi (the "Complaint"). (ECF No. 42.) In its Complaint, Plaintiff sought to expunge certain nonconsensual common law liens from the Bureau of Conveyances of the State of Hawaiʻi under Title 28, Chapter 507D of the Hawaiʻi Revised Statutes.

The real property that is the subject of this action is all of that certain parcel of land bearing Tax Map Key Number (3) 9-5-016-006, and containing an area of 81.303 acres, more or less ("the land"). (2d Am. Pet. ¶ 10.) The Olson Trust acquired title to the land by deed from Thomas M. Okuna recorded October

-1-

25, 2005, as Document No. 2005-216739. (2d Am Pet. Ex. A.) A copy of this deed is attached to this order as Exhibit 1.

In 1988, Thomas M. Okuna, the predecessor in interest to the Olson Trust, obtained a decree quieting title in his favor. (2d Mot. Mem. Pet. Ex. 8.) The decision in that case "Ordered, Adjudged and Decreed" that Okuna was "the owner in fee simple absolute" of several parcels of land, including those involved with this action as well as Tax Map Key Parcels (3) 9-5-016-5, 22, 23, and 25. (Id.) A copy of that judgment, together with the first page of that judgment's Exhibit A, describing the land to which title was quieted, is attached to this order as Exhibit 2.

The Court entered an order granting Plaintiff's motion for summary judgment on January 6, 2012 (the "Summary Judgment Order"). (ECF No. 80.) Having found that the purported liens were nonconsensual common law liens under Chapter 507D, and that they were invalid, the Court ordered the Registrar of the Bureau of Conveyances to expunge those liens. (ECF No. 81.) See Haw. Rev. Stat. § 507D-7(a).

On January 20, 2012, Plaintiff filed a Motion for Reconsideration And Modification In Part Of *Order Granting Plaintiff's Motion For Summary Judgment And Denying Various Motions*. (ECF No. 85.) In its supporting memorandum, Plaintiff stated that it learned on January 18, 2012 – following the

Court's order granting summary judgment – that another "rogue" deed was recorded on October 25, 2011.  (ECF No. 85.)  This deed was from Rhoda Simeona, as grantor, to Jeannie Sueko Ueda, as grantee (the "Simeona/Ueda Deed"), and appears as Document No. 2011-175595.  The first page of the Simeona/Ueda Deed is attached to this order as Exhibit 3.

In what appears to be an oversight, the Simeona/Ueda Deed does not identify TMK No. (3) 9-5-16-6, the property at issue in Olson v. Lui, Civ. No. 10-00691 ACK-RLP.  It does, however, purport to be a lien on adjacent property owned by the Olson Trust, identified by TMK Nos. (3) 9-5-16:5, 22, & 23, which were included in the deed from Thomas M. Okuna to Edmund C. Olson, recorded on October 25, 2005, included in Plaintiff's Complaint as Exhibit A (ECF No. 42-2).  TMK Nos. (3) 9-5-16:5, 22 & 23 were also included in the deed from Abel Simeona Lui to Beverly Yolanda Feleti, recorded on January 14, 2002 as Document No. 2002-006264, as well as the "Subpoena, Restraining Order, Notice, Order and Judgment in a Civil Case," recorded on July 30, 2008, as Document No. 2008-121458, both of which this Court ruled were invalid nonconsensual common law liens and ordered expunged in its Summary Judgment Order, filed on January 6, 2012.  (See ECF No. 80. Exs. 3, 4.)

On March 8, 2012, this Court issued Amendments To The Order Granting Plaintiff's Motion For Summary Judgment And

-3-

Denying Various Motions By Defendants, pursuant to which the Court concluded that the Simeona/Ueda Deed was an invalid nonconsensual common law lien.  (ECF No. 99.)

> The Hawaiʻi State Legislature has found:
>
> that there is a problem with the recording at the land court or the bureau of conveyances of invalid instruments which purport to affect the property interests of various persons, including but not limited to government officers and employees.  These instruments, which have no basis in fact or law, have a seriously disruptive effect on property interests and title.  They appear on title searches and other disclosures based on public records, and are costly and time-consuming to expunge.  When they so appear, they may obstruct a property owner's ability to transfer title or obtain title insurance and financing.

Haw. Rev. Stat. § 507D-1.  Because the "bureau of conveyances does not have the discretionary authority to refuse to record instruments so long as those instruments comply with certain minimal format requirements," the legislature found "that it is necessary and in the best interests of the State and private parties to legislatively provide a means to relieve this problem, and to limit the circumstances in which nonconsensual common law liens shall be recognized in this State and to remedy the filing of frivolous financing statements."  Id.

Among the remedies provided is a legal action to have invalid nonconsensual liens expunged.  See Haw. Rev. Stat.

§ 507D-4 ("Any party in interest in real or personal property which is subject to a claim of nonconsensual common law lien, who believes the claim of lien is invalid, may file a petition in the appropriate circuit court to contest the validity of that purported lien"); id. § 507D-7 ("If the circuit court finds the purported lien invalid, it shall order the registrar to expunge the instrument purporting to create it, and order the lien claimant to pay actual damages, costs of suit, and reasonable attorneys' fees.").[1]  This action was filed pursuant to those statutes.

Having found that the Simeona/Ueda Deed is a nonconsensual common law lien under Chapter 507D, and that it is invalid, the Court hereby ORDERS the Registrar of the Bureau of Conveyances to expunge this lien.  See Haw. Rev. Stat. 507D-7(a).  Further, the Court ORDERS Plaintiff to remit the filing fee to the Registrar.  Plaintiff will be entitled to reimbursement for this filing fee as part of its costs.

---

[1] At the hearing, Defendants questioned whether this Court, sitting in diversity, may assume the role of a Hawai'i state circuit court, that is, whether the circuit court has exclusive jurisdiction over petitions to expunge nonconsensual common law liens.  Nothing in Chapter 507D confers exclusive jurisdiction on the state circuit court and precludes a federal court sitting in diversity from hearing this case, and in any event, "state law may not control or limit the diversity jurisdiction of the federal courts."  Begay v. Kerr-McGee Corp., 682 F.2d 1311, 1315 (9th Cir. 1982).

-5-

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, March 9, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Olson v. Lui, Civ. No. 10-00691 ACK-RLP: Order Directing the Registrar of the Bureau of Conveyances of the State of Hawaiʻi to Expunge Additional Invalid Nonconsensual Common Law Lien.