IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Edmund C. OLSON, as Trustee of the Edmund C. Olson Trust No. 2, U/A Dated August 21, 1985,<br><br>Plaintiff,<br><br>vs.<br><br>Abel Simeona LUI, et al.,<br><br>Defendants. | Civ. No. 10-00691 ACK-RLP |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**

## I. BACKGROUND

As the parties are familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the current issue before the Court.

This action arises out of a petition filed on November 22, 2010 to expunge certain nonconsensual liens from the Bureau of Conveyances of the State of Hawaii under Title 28, Chapter 507D of the Hawaii Revised Statutes. (Doc. No. 1.) On January 6, 2012, the Court granted Plaintiff's Motion for Summary Judgment (the "Summary Judgment Order")and entered an order

-1-

directing the registrar of the Bureau of Conveyances to expunge certain documents at issue.  (See Doc. Nos. 80, 81.)  On January 20, 2012, Plaintiff timely filed a Motion for Reconsideration and Modification in Part of the Summary Judgment Order ("Reconsideration Motion").  (ECF No. 85.)

On February 2, 2012, Defendants provided the Court with notice that they were appealing the Court's Summary Judgment Order.  (Doc. No. 89.)  However, on February 15, 2012, the Court of Appeals ruled that all proceedings before the Ninth Circuit be held in abeyance pending the resolution of the Reconsideration Motion before this Court.  (Doc. No. 95.)

The Court granted the Reconsideration Motion and amended its Summary Judgment Order in an order dated March 8, 2012.  (Doc. No. 99, the "Amended SJ Order.")  Pursuant to the Amended SJ Order, the Court concluded that the nonconsensual liens that the Court previously found to be invalid and ordered expunged were also "frivolous," which enabled Plaintiff to seek injunctive relief.  Id.[1]  The Summary Judgment Order and the Amended SJ Order awarded Plaintiff attorneys' fees and costs pursuant to Hawaii Revised Statutes §§ 507D-7(a) and (b).

---

[1]  Subsequently, on March 29, 2012, the Court issued an Injunction Order against Defendants, prohibiting them from filing any instruments of any kind with the Registrar of the Bureau for a period of five years unless they first obtain leave of court. See Doc. No. 112.

On March 13, 2012, the United States Court of Appeals for the Ninth Circuit lifted the stay and provided a briefing schedule for Defendants' appeal. (Doc. No. 105.) This action is currently on appeal before the Ninth Circuit Court of Appeals.

The issue currently before the Court involves Plaintiff's entitlement to attorneys' fees and non-taxable costs. On April 12, 2012, counsel for Plaintiff filed a Motion for Attorneys' Fees and Non-Taxable Costs, as well as a supporting memorandum and various exhibits. (Doc. No. 114.) On the same day, Plaintiff filed a Bill of Costs. (Doc. No. 116.)[2] Defendants subsequently filed a memorandum opposing Plaintiff's request for attorneys' fees and non-taxable costs on May 25, 2012 (Doc. No. 123), to which Plaintiff filed a reply on June 8, 2012. (Doc. No. 124.)

---

[2] On May 3, 2012, Magistrate Judge Puglisi issued an electronic order stating that pursuant to Local Rule 54.3(b), the court would not consider Plaintiff's motion for attorneys' fees until moving counsel advised the court in writing that, after consultation, or good faith efforts to consult, the parties were unable to reach an agreement with regard to the fee award or that moving counsel made a good faith effort but nevertheless was unable to arrange such a conference. (See Doc. No. 121.) Following that order, on May 23, 2012, counsel for Plaintiff filed a declaration stating that she sent a letter to Defendants on May 4, 2012, in an effort to consult and resolve any disputes regarding the fees and costs that Plaintiff sought in its motion. (Doc. No. 122, Decl. of Park-Hoapili at ¶ 6.) Plaintiff's counsel declared that Defendant Phua left her a voicemail message on May 11, 2012, explaining that he disagreed with the requested attorneys' fees and costs and expressing that the parties should let the Court decide the issue. Id. ¶ 8.

On June 25, 2012, upon review of the parties' submissions and application of the relevant case law, Magistrate Judge Puglisi issued a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs, recommending that this Court award Plaintiff $30,044.49 in attorneys' fees and $6,129.93 in costs, for a total award of $36,174.42. (Doc. No. 125, hereinafter the "F&R," at 2.)

On July 9, 2012, Plaintiff filed a limited objection to the F&R, focusing solely on the Magistrate Judge's reduction of Plaintiff's counsel's hourly fee rates. (Doc. No. 126, hereinafter "P's Objection.") On the same day, Defendants filed a document entitled "Memorandum in Support of Motion to Deny Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs," which the Court will construe as an objection to the F&R. (Doc. No. 127, hereinafter "D's Objection.")

The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(e).

## II.  STANDARD OF REVIEW

**Review of Magistrate Judge's Findings & Recommendation**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or

in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

### III. DISCUSSION

In the F&R, the Magistrate Judge recommended that this Court make various reductions in Plaintiff's request for attorneys' fees and non-taxable costs. To calculate reasonable attorneys' fees, the Magistrate Judge implemented the method used by Hawaii courts, which is nearly identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); DFS Grp. L.P. v. Paiea Props., 110 Haw.

217, 222, 131 P.3d 500, 505 (2006).  Pursuant to this method, the court determines a reasonable attorneys' fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Id.  The Magistrate Judge also noted that a court may consider various other factors as "guides" to determine the value of an attorney's services, as espoused in Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 Haw. 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).

Plaintiff had requested the following lodestar amount for the work of its attorneys and their staff:

| **ATTORNEY/STAFF** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Paul Alston, Esq. | 12.40 | $450.00 | $5,580.00 |
| Pamela W. Bunn, Esq. | 43.10 | $270.00 | $11,637.00 |
| Shellie Park-Hoapili, Esq. | 80.60 | $200.00 | $16,120.00 |
| Noreen M. Kanada | 0.80 | $100.00 | $80.00 |
| Gail Pang | 11.80 | $50.00 | $590.00 |
| SUBTOTAL | 148.70 | | $34,007.00 |
| Hawaii GET of 4.712% | | | $1,604.41 |
| **TOTAL** | | | **$35,609.41** |

See F&R at 7.  The Magistrate Judge analyzed this request pursuant to the lodestar analysis, first considering the

reasonableness of the hourly rates, and subsequently analyzing the hours reasonably expended.

The Magistrate Judge ultimately recommended a reduction in Plaintiff's requested fee based upon three findings: (1) the requested hourly rates for Plaintiff's attorneys and staff were unreasonable and "excessive"; (2) certain time entries were impermissibly duplicative; and (3) Plaintiff requested attorneys' fees for clerical or ministerial tasks which are part of an attorney's overhead and are not compensable. (See F&R at 8-13.) The Magistrate Judge recommended that this Court award Plaintiff $30,044.49 in attorneys' fees and $6,129.93 in costs, for a total award of $36,174.42. (F&R at 2.)[3]

The Court will review de novo each of the parties' objections in turn. The Court first considers Plaintiff's limited objection to the Magistrate Judge's F&R with respect to the reasonable hourly rate for attorneys and staff, and then reviews the arguments raised in Defendant's Objection.

**A. Plaintiff's Objection: Reasonableness of Hourly Rates**

Plaintiff filed a limited objection to the Magistrate Judge's F&R to the extent that it found and recommended that the

---

[3] In its Motion for Attorneys' Fees and Non-Taxable Costs, Plaintiff had requested $35,609.41 in attorneys' fees and $6,328.01 in costs, for a total fee award of $41,937.42. See Mot. for Attorneys' Fees at 1.

hourly billing rates of its counsel were "excessive."  (P's Objection at 1.)  Plaintiff asserted that the Magistrate Judge failed to specify which attorneys he believed to have comparable skill, experience or reputation, or provide an explanation for why he rejected Plaintiff's evidence of the reasonableness of requested rates.  Id. at 5.  As an initial matter, the Court notes that the fee applicant bears the burden of establishing the reasonableness of the attorneys' fees requested.  Smothers v. Renander, 2 Haw. App. 400, 633 P.2d 556, 563 (1981).

Guided by prevailing rates in the community for similar work performed by attorneys of comparable skill, experience, and reputation, the Magistrate Judge ultimately recommended that the requested hourly rates for Plaintiff's counsel and staff, with the exception of Ms. Pang, be reduced based on a finding that they were excessive.  F&R at 9-10.  Accordingly, the court recommended the following adjustments to the hourly rates:  Mr. Alston (39 years of experience)[4/] - $350.00; Ms. Bunn (15 years of experience) – $250; Ms. Park-Hoapili (almost seven years of experience) - $165; and Ms. Kanada (14 years of paralegal experience) - $85.  Id. at 10.  The Court considers, de novo, the recommended reduction to each attorney or staff member on an individual basis.

---

[4/] Plaintiff asserts that Mr. Alston actually has 41 years of practice/experience.  See P's Opposition at 2.

### 1. Paul Alston, Esq.

Plaintiff provides evidence that Mr. Alston has been a trial lawyer for more than forty years, has an AV rating from Martindale-Hubbell, has been named a "Best Lawyer" in seven categories, and has also been awarded the title of Hawaii Lawyer of the Year in relevant practice areas by Best Lawyers in America on two occasions. (P's Objection at 5-6.) Plaintiff also directs the Court to a recent case wherein Chief Judge Susan Oki Mollway adopted the Magistrate Judge's Findings and Recommendation that the hourly rate of $540 ($567 effective 1/1/2011) was a reasonable rate for Mr. Alston. Id. at 7 (citing Eckerle, et al. v. Deutsche Bank Nat'l Trust, et al., Civ. No. 10-00474 SOM-BMK, Doc. No. 74 (Mar. 14, 2012)). Additionally, Plaintiff demonstrates that the Hawaii Circuit Court has also recently awarded Mr. Alston an hourly rate of $495, which is higher than the discounted rate of $450[5/] requested in the instant action. (P's Objection at 8.)[6/]

---

[5/] In its initial Motion for Attorneys' Fees, Plaintiff provides a declaration from Shellie Park-Hoapili wherein she states that Mr. Alston's usual rate is $675.00. See Mot. for Attorneys' Fees, Doc. No. 114, Decl. of Shellie Park-Hoapili ¶ 10(a).

[6/] Specifically, Plaintiff refers to George R. Ariyoshi, et al. v. Equinix, Inc., et al., Civ. No. 08-1-1709-08 (RAT), Order Granting in Part and Denying in Part Morgan Stanley Defendants' Motion for Attorneys' Fees and Taxable Costs (Haw. 1st Cir. Ct. Aug 23, 2010) (P's Objection, Ex. 8). Plaintiff also provides a declaration from that case wherein he lists his hourly rate at
(continued...)

The Court agrees with Plaintiff that $450 is a reasonable hourly rate for Mr. Alston. As an initial matter, the Court observes that the Magistrate Judge's reliance upon <u>Blake v. Nishimura</u>, Civ. No. 08-00281 LEK, 2010 WL 1372420, at *7 (D. Haw. Mar. 31, 2010), wherein the court found that $350 was a reasonable hourly rate for Mr. Alston and was the "highest hourly rate" awarded in any case and within the range of rates for similarly situated law partners, must be viewed in light of the two more recent cases wherein Hawaii courts awarded Mr. Alston a fee much higher than the discounted $450 rate that he has requested.[7] Upon <u>de novo</u> review, the Court rejects the Magistrate Judge's findings and recommendation as to Mr. Alston's hourly rate and concludes that a rate of $450 for Mr. Alston's work is reasonable and in line with the prevailing rates within this legal community for similar services performed by attorneys of comparable experience, skill, and reputation, as well as with prior awards of attorneys' fees in this district.

---

[6] (...continued)
$495, a rate that was approved by the court. (<u>See</u> P's Objection, Ex. 9.)

[7] The Court further notes that <u>Nishimura</u> was a civil rights case, which is not similar to the issues raised in the instant action. 2010 WL 1372420, at *6.

### 2. Pamela W. Bunn, Esq.

Plaintiff also provides support for its request that the Court award Ms. Bunn an hourly rate of $270. Ms. Bunn has 15 years of experience as a litigator, and was a partner at the law firm of Paul Johnson Park & Niles for eight years prior to joining Alston Hunt Floyd & Ing as Of Counsel. (P's Objection at 9.) Moreover, Plaintiff asserts that Ms. Bunn's rate is at the low end of the spectrum as presented in the Pacific Business News 2012 Book of Lists, and is "well below" the rate charged by a partner admitted to the bar in the same year as Ms. Bunn and at a comparable firm in 2007. Id.

Id. The Court observes that Ms. Bunn's hourly rate of $270 is, indeed, on the low end for partners at other leading law firms in the Honolulu legal community. (See Pacific Business News 2012 Book of Lists, Mot. for Attorneys' Fees, Doc. No. 114, Ex. 3.) Although Ms. Bunn is Of Counsel, the Court also notes that she served as a partner at her prior firm for some eight years, rendering this an appropriate comparison for purposes of determining the prevailing rates in the community for similar legal work. (See P's Objection at 9.) The Court further notes that the Magistrate Judge provided no case law support or other reasoning for its conclusion that Ms. Bunn's hourly rate was excessive, other than citing to Nishimura, 2010 WL 1372420 at *7; wherein the court determined that a requested rate of $275 should

be reduced to $240, the amount previously awarded in another case, to an attorney at Alston Floyd who was admitted to practice in 1998, three years after Ms. Bunn was admitted to practice. The Court is well aware of the prevailing rates in the community, and rejects the Magistrate Judge's recommended reduction in Ms. Bunn's hourly rate. The Court finds that a rate of $270 is reasonable and should be applied to determine the "lodestar" calculation for Ms. Bunn's attorneys' fees with respect to this action.

### 3. Shellie Park-Hoapili, Esq.

Plaintiff objects to the recommended hourly rate reduction for Ms. Park-Hoapili as well, noting that she is an upper-level associate who has been practicing for almost seven years and was admitted to the bar in 2003. (Plaintiff's Objection at 9.) Plaintiff submits that the requested hourly rate of $200 for Ms. Park-Hoapili is below the rate found reasonable in Eckerle for an associate admitted to practice in 2008, and is also within the range of prevailing rates for associates in the Honolulu community. Id.

The Court observes that the U.S. District Court for the District Court of Hawaii recently found an hourly rate of $210 to be reasonable for an associate admitted to practice in 2008, whereas Ms. Park-Hoapili, who is senior to that associate,

requests only $200 per hour.  See Eckerle, Civ. No. 10-00474 SOM-BMK.  Moreover, the Court notes that Ms. Park-Hoapili's requested hourly rate is well within the parameters of the prevailing rates for associates within the Honolulu legal community according to the Pacific Business News 2011 Book of Lists.  See Mot. for Attorneys' Fees, Ex. 3 at 1.  Accordingly, the Court rejects the Magistrate Judge's recommended reduction and concludes that $200 is a reasonable hourly rate for Ms. Park-Hoapili.

   4. Noreen M. Kanada

    Plaintiff does not set forth any specific arguments as to why Ms. Kanada is entitled to an hourly rate of $100 for her work as a paralegal, rather than the Magistrate Judge's recommended reduced rate of $85.  Previously, in its Motion for Attorneys' Fees, Plaintiff provided a declaration from Shellie Park-Hoapili describing Ms. Kanada's qualifications, noting that Ms. Kanada has more than 14 years of experience as a real property and litigation paralegal, as well as 14 years of experience as a Honolulu legal secretary.  (See Mot. for Attorneys' Fees, Ex. 2, Decl. of Park-Hoapili ¶ 10(d).)

    Courts in this district have typically allowed a rate of $85 per hour for paralegals.  See Donkerbrook v. Title Guar. Escrow Servs., Inc., Civ. No. 10-00616 LEK-RLP, 2011 WL 3649539, at *7 (D. Haw. Aug. 18, 2011); Ko Olina Dev., LLC v. Centex

Homes, Civ. No. 09-00272 DAE-LEK, 2010 WL 447451, at *2-3 (D. Haw. Feb. 9, 2010 (finding that $85 was a reasonable hourly rate for a paralegal with 30 years of experience). Upon de novo review, the Court concludes, based upon the relevant case law as well as the Court's familiarity with prevailing rates for paralegals in this community, that a reduction to $85 per hour is a reasonable rate for Ms. Kanada's time spent on this action.

### 5. Conclusion on Hourly Rates

Upon de novo review of the recommended reductions in hourly rates to which Plaintiff has timely objected, the Court rejects the Magistrate Judge's recommendation with respect to Paul Alston, Pamela W. Bunn, and Shellie Park-Hoapili, and concludes that they should be awarded the hourly rates requested by Plaintiff in its Motion for Attorneys' Fees. With respect to Noreen M. Kanada, the Court concludes that $85 is the prevailing rate for paralegals in the community and accordingly adopts the Magistrate Judge's recommendation that Plaintiff be awarded $85 per hour for Ms. Kanada's time.

**B. Defendant's Objection**

The Court has also carefully reviewed Defendant's Objection filed on May 25, 2012, and concludes that pro se Defendant Han Phua fails to assert any discernible objections to

the F&R.  (Doc. No. 123.)  Rather than objecting to the Magistrate Judge's F&R with respect to attorneys' fees, Defendant Phua's filing, even if construed as an Objection, improperly focuses upon substantive arguments that were already disposed of in the Court's Summary Judgment Order and will be considered by the Ninth Circuit Court of Appeals. (See generally D's Objection.)  Despite a passing reference to attorneys' fees,[8/] Defendant Phua's Objection fails to address any of the issues raised in the Magistrate Judge's F&R.  Accordingly, the Court finds no basis to review de novo any portion of the Magistrate Judge's F&R based upon Defendant's Objection.

The Court finds no clear error with respect to any of the Magistrate Judge's other findings to which neither party filed an objection.[9/]  Accordingly, the Court rejects the Magistrate Judge's findings as to the reasonable hourly fee for Paul Alston, Pamela W. Bunn, and Shellie Park-Hoapili, awarding them the rates requested in their Motion for Attorneys' Fees and

---

[8/] In closing, Defendant Phua states, "I hope I have given sufficient basis why the Motion for Attorney Fees and non-taxable costs should be stayed or denied."  (D's Objection, at 3.)

[9/] The Court notes that Plaintiff declined to object to the Magistrate Judge's findings and recommendation that fees be reduced for work found to be duplicative ($340.00) and clerical in nature ($120.00), stating that these recommended reductions "are too trivial to appeal."  P's Objection at 3.  The Court finds no clear error in the Magistrate Judge's F&R with respect to these minor reductions.

Non-Taxable Costs, and adopts all other findings and recommendations.

Consequently, the Court awards Plaintiff **$6,129.93** in costs, as well as **$35,115.17** in attorneys' fees (as detailed below), for a total award of **$41,245.10**:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| **Paul Alston** | **12.4** | **$450.00** | **$5,580.00** |
| **Pamela W. Bunn** | **43.1** | **$270.00** | **$11,637.00** |
| **Shellie Park-Hoapili** | **78.3**[10] | **$200.00** | **$15,660.00** |
| **Noreen M. Kanada** | **0.8** | **$85.00** | **$68.00** |
| **Gail Pang** | **11.8** | **$50.00** | **$590.00** |
| **SUBTOTAL** | **146.4** | | **$33,535.00** |
| **GET (4.712%)** | | | **$1,580.17** |
| **TOTAL** | | | **$35,115.17** |

---

[10] This figure includes the recommended deduction for work that the Magistrate Judge found to be duplicative and clerical, which was not challenged in Plaintiff's objection and which the Court finds was not clearly erroneous. See F&R at 11-13.

## **IV. CONCLUSION**

For the foregoing reasons, the Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs, and awards Plaintiff a total of **$41,245.10** in attorneys' fees and non-taxable costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, August 27, 2012.

_____
Alan C. Kay
Sr. United States District Judge

Olson v. Lui, Civ. No. 10-00691 ACK-RLP: Order Adopting in Part and Rejecting in Part the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs.